## CIRCUIT COURT OF FAIRFAX COUNTY

Kunnath

v.

Hayhurst

January 19, 1994

Case No. (Law) 120622

BY JUDGE JANE MARUM ROUSH

This case comes before the Court on the plaintiff's motion for additur or, in the alternative, for a new trial. The Court heard oral argument and took the case under advisement. For the reasons set forth below, the Court will grant plaintiff a new trial limited to the issue of damages.

The present case is the result of an automobile collision. The defendant's car struck plaintiff's car from behind while the latter was stopped in traffic. The force of the impact was sufficient to total the plaintiff's car. The case was tried before a jury over the course of two days. The plaintiff put on evidence of special damages in the amount of $6,311.00, which included medical expenses, physical therapy, and lost wages. At trial, the defendant challenged the plaintiff's lost wages of $2,160.00 but did not seriously challenge the plaintiff's medical and physical therapy expenses of approximately $4,151.00. Although the jury found for the plaintiff, they awarded him damages of $600. This motion followed.

Since at least 1818, the Courts of Virginia "have had the power and been charged with the duty of setting aside, in proper cases, the verdict in an action for a personal tort, such as physical injury to the body or slander, where the damages are either inadequate or excessive." *Rawle v. McIlhenny*, 163 Va. 735, 744 (1934). Va. Code Ann. § 8.01-383. This power is intended "to prevent miscarriages of justice," and make judges "more than mere referees between litigating parties." *Johnson v. Smith*, 241 Va. 396, 400 (1991). Under the case law, the Court's discretion is to be exercised when "the amount of the verdict returned bears no reasonable rela-

tion to the damages suggested by the facts in the case, and is manifestly out of line and at variance with the facts . . . ." *Bradner v. Mitchell*, 234 Va. 483, 486, 362 S.E.2d 718 (1987), *quoting Glass v. David Pender Grocery Co.*, 174 Va. 196, 201 (1939).

In this case, the $600.00 verdict returned by the jurors bears no "reasonable relation" to the facts and is so inadequate as to "shock the conscience of the Court and to create the impression that the jury . . . has misconceived or misunderstood the facts or the law." *Johnson*, 241 Va. at 400, *quoting Smithey v. Refining Co.*, 203 Va. 142 (1961). The evidence in this case was insufficient to sustain a verdict finding the defendant *not* liable. Accordingly, a new trial limited to the amount of damages will be ordered. *See Rawle v. McIlhenny, supra*, at 748.